**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM STROUD, and BEVERLY CARTER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| PRAXIS FINANCIAL SOLUTIONS, INCORPORATED, and RAZOR CAPITAL, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

## INTRODUCTION

1.     Plaintiffs William Stroud and Beverly Carter bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Praxis Financial Solutions, Incorporated and Razor Capital, LLC.  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue and personal jurisdiction in this District are proper because defendant Praxis Financial Solutions, Inc., is located here, because some of defendants' collection communications were sent into this District, and because Razor Capital, LLC, is liable because it hired Praxis, an Illinois collection agency.

## PARTIES

4.     Plaintiff William Stroud is an individual who resides in Texas.

5.     Plaintiff Beverly Carter is an individual who resides in Ohio.

6.     Defendant Praxis Financial Solutions, Incorporated ("Praxis") is an Illinois corporation with principal offices at 7301 North Lincoln Avenue, Suite 220,

1

Lincolnwood, Illinois 60712. Its registered agent is Bashar Awdish at that address.

7. Praxis is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Praxis is a debt collector as defined in the FDCPA.

9. Defendant Razor Capital, LLC ("Razor") is a limited liability company with principal offices located at 8000 Norman Center Drive, Suite 115, Bloomington, Minnesota 55437. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

10. Razor is engaged in the business of purchasing or claiming to purchase debts for pennies on the dollar and attempting to collect them.

11. Razor uses the mails and telephone system in connection with its business.

12. Razor is a debt collector as defined in the FDCPA.

**FACTS**

13. Defendants have been attempting to collect alleged credit card debts from plaintiffs.

14. The alleged credit cards were used for personal, family or household purposes and not for business purposes.

15. On or about May 29, 2014, Praxis, on behalf of Razor, sent plaintiff Stroud a letter, attached as Exhibit A, in a window envelope.

16. On or about April 17, 2014, Praxis, on behalf of Razor, sent plaintiff Carter a letter, attached as Exhibit B, in a window envelope. The street address is that of an attorney retained by plaintiff.

17. The window displayed the account number assigned to plaintiff by Praxis.

18. Exhibits A-B are a printed form, prepared in a standard manner. It has bar coded addresses and return addresses, required by the Postal Service for a discounted postage rate when 500 or more similar pieces of mail are sent at once.

19. <u>Exhibits A-B</u> stated that "If the amount of debt forgiven is equal or greater than $600.00, Razor Capital may be required by Internal Revenue Code Section 6050P to report to the IRS and issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended that you consult with a certified public accountant or other tax professional."

20. This statement is false and misleading.

21. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> **(2) Interest. The discharge of an amount of indebtedness that is interest <u>is not required to be reported</u> under this section.**
>
> **(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal <u>is not required to be reported</u> under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).**

22. It is thus entirely possible to forgive $600 or more of the debt and yet not be required to even file a 1099C.

23. In addition, people who are having difficulties paying debts are unlikely to have income as a result of the settlement of a debt, in that such persons are likely to be insolvent (in their sense that their liabilities exceed their assets) and the discharge of indebtedness by someone who is insolvent is not income.

24. Defendants give erroneous and/or incomplete tax advice to consumers.

25. The purpose and effect of the statement is to suggest to the unsophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

## COUNT I – FDCPA

26. Plaintiffs incorporate paragraphs 1-25.

27. The display of the account number violated 15 U.S.C. §1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014).

28. Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(8)        Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

29.    The statement in the letter concerning tax consequences is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(l0).

*Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 WL 5422103 (E.D. Pa., Oct. 27, 2014);

*Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604

(E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998).

30.    Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)        The false representation of--**

**(A)        the character, amount, or legal status of any debt; . . .**

**(10)        The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendants for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other and further relief as the Court deems proper.

                <u>s/Daniel A. Edelman</u>
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\30589\Pleading\Complaint 2 Plaintiffs_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman